## Margaret Johnson, Administratrix, Appellee, v. Chicago Surface Lines. Chicago Interurban Traction Company et al., Appellants.

### Gen. No. 6,508.    (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon. AR-THUR W. DESELM, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

### Statement of the Case.

Action by Margaret Johnson, administratrix of the estate of Roy B. Johnson, deceased, plaintiff, against Chicago Surface Lines, Chicago Interurban Traction Company and others, defendants, to recover damages for the death of the deceased due to an automobile in which he was riding being struck by defendants' interurban street car. From a judgment for plaintiff for $9,500, defendants appeal.

The deceased, a resident of Dixon, Illinois, while visiting his brother-in-law in Chicago, was invited on the evening of November 25, 1915, by one Vernon C. Naugle, an undertaker, for a ride with a friend in Naugle's seven-passenger limousine, which he had owned for several years and operated himself, and he was an experienced driver, familiar with the part of the city in which they went.

J. R. GUILLIAMS and W. R. HUNTER, for appellants.

NOVAK & NOVAK and DYER & WHITTEMORE, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1712*—*when assignment of error is abandoned*. An assignment of error not covered in brief and argument is abandoned.

2. STREET RAILROADS, § 140*—*when instruction not erroneous as referring jury to declaration and authorizing recovery on proof of one count*. An instruction *held* not erroneous in referring the jury to the declaration and informing them that plaintiff was entitled to recover if she had proven any one count, where the count particularly objected to alleged due care on the part of plaintiff's intestate while he was on a certain street, upon which he was when the automobile in which he was riding was struck by defendant's interurban street car, which included the time before he rode upon defendant's tracks as well as the time while he was there and injured, in an action to recover damages for intestate's death.

3. APPEAL AND ERROR, § 1540*—*when instruction referring jury to declaration is harmless error*. It is not reversible error by an instruction to refer the jury to the declaration to determine the issues where there is no bad count in the declaration and there is proof tending to support the allegations in each count.

4. STREET RAILROADS, § 131*—*when evidence shows due care on part of occupant of automobile killed in collision with street car*. In an action against an interurban railroad company to recover for the death of a passenger in an automobile struck by one of defendant's cars, evidence *held* sufficient to warrant the finding that plaintiff's intestate exercised due care while riding in the automobile at the invitation of the owner and driver thereof, where he was from the country, probably unfamiliar with the streets and location, and the owner and driver was a resident of the vicinity and had long experience as a driver and acquaintance with his surroundings, and there was nothing in the situation to prompt a prudent, sensible man to interfere with the operation of the car by its owner or attempt to control him in crossing intersecting streets or in other places of more or less danger.

5. STREET RAILROADS, § 131*—*when negligence of street railroad in colliding with automobile and killing occupant is shown*. Evidence *held* sufficient to sustain finding of defendant's negligence and plaintiff's intestate's due care, in an action to recover damages for the death of such intestate, in a collision between defendant's interurban car and an automobile in which deceased was riding.

6. APPEAL AND ERROR, § 1256*—*when defendant may not complain of the refusal of instructions*. The defendant street railroad was not entitled to be heard to complain, after securing the giving

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of an instruction in effect that a passenger in an automobile who was killed by the automobile being struck by defendant's street car should have exercised that degree of care which the law required of the driver, that the court refused other instructions asked by defendant as to the degree of care required of a passenger which were correctly drafted and less helpful to defendant than the one given.

7. Appeal and error, § 1543*—*when giving of erroneous instruction on credibility of witness is harmless error.* An instruction that "one credible witness may be entitled to more weight than the testimony of many others, if, as to those other witnesses, you have reason to believe, and do believe from the evidence and all the facts before you, that such other witnesses have knowingly testified untruthfully and are not corroborated by other credible witnesses or by circumstances proved in the case," was bad, but giving of same was not reversible error where there was no contrariety of testimony on any controlling or material fact.

8. Appeal and error, § 1491*—*when exclusion of evidence as to reason why witness failed to appear is harmless error.* The exclusion by the court of defendant's offer, in the presence of the jury, to show that the motorman of defendant's car, who failed to appear as a witness for defendant upon defendant's subpœna and fees tendered, said when he refused to attend that his mother was dead and was to be buried that afternoon, was not prejudicial error.